## OSBORN, ESTATE OF, In Re

### Ohio Probate Court, Lucas Co

Boggs & Chase, Toledo, for The Ohio Savings Bank & Trust Co.

Marshall, Melhorn, Marlor & Martin, Toledo, for The Citizens Trust Co.

## OPINION

By CHITTENDEN, J.

The above entitled matter has been submitted to the court upon exceptions filed by The Citizens' Trust Company, successor trustee to the account of The Ohio Savings Bank & Trust Company, as trustee, acting as guardian of said Penelope D. Osborn, a foreign lunatic.

A motion was filed on behalf of The Ohio Savings Bank & Trust Company and the superintendent of banks as liquidating officer of said bank to dismiss said exceptions. That motion was heretofore overruled for reasons stated in an opinion rendered at the time.

Upon the hearing a demurrer was interposed to items 1 and 2 of the exceptions This demurrer was overruled.

Items 1 and 2 were exceptions to an investment by the guardian in land trust certificates. It is contended on behalf of The Ohio Savings Bank & Trust Company that

these investments were authorized by §710-166, GC, which provides that a trust company may invest in or loan its trust funds upon securities, bonds and other interest bearing obligations enumerated in §§710-111, 710-112 and 710-140, GC. These sections are found in the chapter relating to the superintendent of banks. Their provisions have never been incorporated in the Probate Code.

These sections cannot be construed as relating to trust funds being administered by a trust company as a fiduciary appointed by and acting under the jurisdiction of the Probate Court. To hold otherwise would result in authorizing a different class of investments for a corporate fiduciary than those authorized for individual fiduciaries.

A corporate fiduciary must be governed by the same law governing individual fiduciaries appointed by the Probate Court.

The agreed statement of facts shows that the trust company owns the legal title to this land and the trust certificates definitely represent a fractional interest in the real estate, which is the subject of the declaration of trust.

Sec 10933, GC, in effect at the time of this investment authorized guardians only to invest in productive real estate within this state with the approval of the Probate Court, and the title to such real estate must be taken in the name of the ward. It further provided that such real estate so purchased can only be sold by the guardian with the approval of the Probate Court.

No application was ever made to the court to authorize such investment and no order authorizing the investment was ever made by the Probate Court.

The third item of the exceptions to the account objects to an investment in certain mortgage participation certificates, issued by The Ohio Savings Bank & Trust Company. This court has heretofore considered such an investment in the matter of the Estate of Nathaniel C. Wright, 10 O. O. 441. In that case the court expressed its views in a written opinion and it is unnecessary to add anything to what was said at that time.

The fourth item of the exceptions relates to the sum of Three Hundred ($300) Dollars being held by the superintendent of banks of the state of Ohio pending an order of court relating to disposition of the same.

There has never been any provision authorizing the superintendent of banks to perform any testamentary function incident to the process of liquidating a defunct trust company. We quote from the opinion of Judge Brewer in the case of In re Estate of Carrie Baldwin, Vol. 1, Ohio Opinions 252, as follows:

"The law provides for the appointment of an administrator de bonis non or a new trustee, as the case may be, to complete the administration of testamentary matters, where the person or institution having commenced the administration, dies, resigns or is removed. Certainly, The Union Trust Company, being defunct and closed, is not such an institution as the legislature contemplated should administer estates when it authorized trust companies to do so. I find no provision of law authorizing the superintendent of banks to administer estates."

On consideration of the entire matter, the court sustains each item of the exceptions to said account.